UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUSHMAN & WAKEFIELD, INC., | § | |
| | § | |
| Plaintiff, | § | Case No. 1:14-CV-08725 |
| | § | |
| v. | § | |
| | § | |
| ILLINOIS NATIONAL INSURANCE COMPANY, | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| LIBERTY MUTUAL INSURANCE COMPANY | § | |
| and RLI INSURANCE COMANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ILLINOIS NATIONAL INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
AND COUNTERCLAIM AGAINST PLAINTIFF**

Defendant Illinois National Insurance Company ("Illinois National"), by and through its

attorneys, answers the Complaint filed by Plaintiff Cushman & Wakefield, Inc. ("C&W") dated

November 3, 2014, as follows:

**I.     INTRODUCTION[1]**

1.      Illinois National makes no response to the allegations contained in paragraph 1 of

the Complaint as it contains an introductory statement regarding the nature of the action or the

allegations are not directed to Illinois National and  no response is required.  To the extent that a

response is deemed necessary, Illinois National denies plaintiff's allegation that the underlying

matters are covered under the Illinois National policies issued to plaintiff, and it is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 1 of the Complaint.

---

[1] Headings are copied verbatim from Plaintiff's Complaint for ease of reference and do
not constitute an admission whether tacit or otherwise.

2.      Illinois National makes no response to the allegations contained in paragraph 2 of the Complaint that are introductory and general in nature or are allegations not directed to Illinois National and no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3.      Illinois National makes no response to the allegations contained in paragraph 3 of the Complaint that are introductory and general in nature or are allegations not directed to Illinois National and no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4.      Illinois National makes no response to the allegations contained in paragraph 4 of the Complaint that are introductory and general in nature or are allegations not directed to Illinois National and no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and it respectfully refers the court to the pleadings filed against plaintiff, the related public records, and/or claims submissions for the substance of the Underlying Claims.

5.      Illinois National makes no response to the allegations contained in paragraph 5 of the Complaint that are introductory and general in nature or are allegations not directed to Illinois National and no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6.      Illinois National denies the allegations in Paragraph 6 of the Complaint.

7.     Illinois National denies the allegations in Paragraph 7 of the Complaint.

8.     Illinois National admits only that it contributed to the costs of plaintiff's defense with respect to the Underlying Claims subject to a reservation of rights and it denies the remainder of the allegations of paragraph 8 of the Complaint.

9.     Illinois National denies the allegations in Paragraph 9 of the Complaint.

10.     Illinois National denies the allegations in Paragraph 10 of the Complaint.

11.     Illinois National makes no response to the allegations contained in paragraph 11 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Illinois National makes no response to the allegations contained in paragraph 12 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Illinois National makes no response to the allegations contained in paragraph 13 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National denies the allegations contained in paragraph 13 of the Complaint.

## II.    THE PARTIES

14.     Illinois National admits the allegations in Paragraph 14 of the Complaint.

15.     Illinois National admits that it is a corporation organized under the laws of Illinois but denies its principal place of business is in Illinois.

16.     Illinois National makes no response to the allegations contained in paragraph 16 of the Complaint as they are not directed to Illinois National and therefore no response is required.

17.     Illinois National makes no response to the allegations contained in paragraph 17 of the Complaint as they are not directed to Illinois National and therefore no response is required.

18.     Illinois National makes no response to the allegations contained in paragraph 18 of the Complaint as they are not directed to Illinois National and therefore no response is required.

**III.     JURISDICTION AND VENUE**

19.     The allegations in Paragraph 19 are denied.

20.     The allegations in Paragraph 20 are denied.

**IV.     FACTUAL ALLEGATIONS**

    **A.     The Illinois National Policies**

21.     Illinois National admits only that it issued to plaintiff the insurance policies indentified in paragraph 21 of the Complaint and refers the Court to the Illinois National Policies for their complete contents, provisions, terms, conditions, limitations, and legal effect.  Illinois National denies the remainder of the allegations in Paragraph 21 of the Complaint.

22.     Illinois National admits only that the Illinois National Policies provide coverage to Cushman subject to the provisions, terms, conditions, and limitations of the insurance policies issued by Nottingham Indemnity, Inc., and the provisions, terms, conditions, and limitations of

the Illinois National Policies and it refers the Court to those policies for their complete contents and legal effect. Illinois National denies the remainder of the allegations in Paragraph 22 of the Complaint.

23. Illinois National admits only that for each policy year the Illinois National Policy follows form to the respective underlying Real Estate Professional Services Professional Liability Insurance policies issued by Nottingham Indemnity, Inc., for that policy year subject to the provisions, terms, conditions, and limitations of the Illinois National Policy and it refers the Court to those policies for their complete contents and legal effect. Illinois National denies the remainder of the allegations in Paragraph 23 of the Complaint.

24. Illinois National admits only that Plaintiff has correctly quoted a portion of a provision of the Nottingham Policies, refers the Court to those Policies for their complete contents, provisions, terms, conditions, limitations, and legal effect, and otherwise denies the allegations of paragraph 24 of the Complaint.

25. Illinois National admits only that Plaintiff has correctly quoted a portion of a provision of the Nottingham Policies, refers the Court to those Policies for their complete contents, provisions, terms, conditions, limitations, and legal effect, and otherwise denies the allegations of paragraph 25 of the Complaint.

26. Illinois National admits only that Plaintiff has correctly quoted portions of certain definitions contained in the Nottingham Policies, refers the Court to those Policies for their complete contents, provisions, terms, conditions, limitations, and legal effect, and otherwise denies the allegations of paragraph 26 of the Complaint.

### B.     The ACE 2009-10 Policy

27.     Illinois National makes no response to the allegations contained in paragraph 27 of the Complaint as they are not directed to Illinois National.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Illinois National makes no response to the allegations contained in paragraph 28 of the Complaint as they are not directed to Illinois National.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

### C.     The Liberty Mutual 2009-10 Policy

29.     Illinois National makes no response to the allegations contained in paragraph 29 of the Complaint as they are not directed to Illinois National.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Illinois National makes no response to the allegations contained in paragraph 30 of the Complaint as they are not directed to Illinois National.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

### D.     The RLI 2009-10 Policy

31.     Illinois National makes no response to the allegations contained in paragraph 31 of the Complaint as they are not directed to Illinois National.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Illinois National makes no response to the allegations contained in paragraph 32 of the Complaint as they are not directed to Illinois National.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

## V.     THE UNDERLYING CLAIMS AGAINST C&W

### A.     The *Gibson* Lawsuit

33.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and it respectfully refers the court to the pleadings filed in the *Gibson* action and the related public records with respect to the nature and substance of the allegations made therein.

34.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and it respectfully refers the court to the pleadings filed in the *Gibson* action and the related public records.

35.     Illinois National admits only that plaintiff seeks coverage for the *Gibson* lawsuit under the 2009-2010 Illinois National Policy.  Illinois National is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

### B.     The Highland Claim

36.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and it respectfully refers the court to the records relating to the Highland claim with respect to the nature and substance of the allegations of the claim.

37.     Illinois National admits only that plaintiff seeks coverage for the Highland Claim under the 2010-2011 Illinois National Policy.  Illinois National is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

**C.     The *Blixseth* Lawsuit**

38.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and it respectfully refers the court to the pleadings filed in the *Blixseth* action and the related public records with respect to the nature and substance of the allegations made therein.

39.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and it respectfully refers the court to the papers filed in the *Gibson* action and the related public records.

40.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and it respectfully refers the court to the papers filed in the *Blixseth* and *Gibson* actions and the related public records.

41.     Illinois National denies the allegations contained in paragraph 41 of the Complaint.

42.     Illinois National admits only that plaintiff seeks coverage for the *Blixseth* Lawsuit under the 2011-2012 Illinois National Policy.

**D.     The *Rhodes* Lawsuit**

43.     Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and it respectfully

8

refers the court to the pleadings filed in the *Rhodes* action and the related public records with respect to the nature and substance of the allegations made therein.

44.     Illinois National admits only that plaintiff seeks coverage for the *Rhodes* Lawsuit under the 2012-2013 Illinois National Policy.

## VI.     ILLINOIS NATIONAL'S UNREASONABLE AND INCONSISTENT CONDUCT WITH RESPECT TO THE UNDERLYING CLAIMS

### A.     Illinois National's Initial Response to the Underlying Claims

45.     Illinois National makes no response to those allegations contained in paragraph 45 of the Complaint that are not directed to Illinois National to which no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.  With respect to the remainder of the allegations contained in paragraph 45 of the Complaint, Illinois National admits only that it contributed to the costs of plaintiff's defense with respect to the Underlying Claims subject to a reservation of rights and it denies the remainder of the allegations of paragraph 45 of the Complaint.

46.     Illinois National denies the allegations in Paragraph 46 of the Complaint.

47.     Illinois National denies the allegations contained in paragraph 47 of the Complaint and it respectfully refers the court to the correspondence referenced therein for its complete contents.

48.     Illinois National denies the allegations contained in paragraph 48 of the Complaint and it respectfully refers the court to the correspondence referenced therein for its complete contents.

9

B.  **Illinois National's Modified Approach Once its Exposure to the Underlying Claims Increased**

49.  Illinois National denies the allegations in paragraph 49 of the Complaint.

50.  Illinois National denies the allegations contained in paragraph 50 of the Complaint and it respectfully refers the court to the correspondence referenced therein for its complete contents.

51.  Illinois National denies the allegations contained in paragraph 51 of the Complaint and it respectfully refers the court to the correspondence referenced therein for its complete contents.

52.  Illinois National denies the allegations in Paragraph 52 of the Complaint.

53.  Illinois National denies the allegations in Paragraph 53 of the Complaint.

54.  Illinois National denies the allegations in Paragraph 54 of the Complaint.

55.  Illinois National denies the allegations in Paragraph 55 of the Complaint.

56.  Illinois National denies the allegations in Paragraph 56 of the Complaint.

57.  Illinois National denies the allegations in Paragraph 57 of the Complaint.

VII.  **ACE'S UNREASONABLE RESPONSE TO THE UNDERLYING CLAIMS**

58.  Illinois National makes no response to the allegations contained in paragraph 58 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.  Illinois National makes no response to the allegations contained in paragraph 59 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without

10

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Illinois National makes no response to those allegations contained in paragraph 60 of the Complaint that are not directed to Illinois National to which no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.  Illinois National denies the other allegations in paragraph 60 of the Complaint.

61.     Illinois National makes no response to the allegations contained in paragraph 61 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Illinois National makes no response to the allegations contained in paragraph 62 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Illinois National makes no response to the allegations contained in paragraph 63 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

## VIII.  THE STANDSTILL AGREEMENT

64.    Illinois National makes no response to those allegations contained in paragraph 64 of the Complaint that are not directed to Illinois National to which no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.  With respect to the remainder of the allegations contained in paragraph 64 of the Complaint, Illinois National admits only that it entered into with plaintiff and ACE a Standstill Agreement, dated April 14, 2014, and it refers the Court to the Standstill Agreement for its complete contents, provisions, terms, conditions, limitations, and legal effect.  Illinois National denies the other allegations in paragraph 64 of the Complaint.

65.    Illinois National admits only that it entered into with plaintiff and ACE an Extended Standstill Agreement, dated August 26, 2014, and a Second Extended Standstill Agreement, dated September 30, 2014, and it refers the Court to those agreements for their complete contents, provisions, terms, conditions, limitations, and legal effect.  Illinois National denies the other allegations in paragraph 65 of the Complaint.

66.    Illinois National admits only that it entered into with plaintiff and ACE the Standstill Agreement, Extended Standstill Agreement, and Second Extended Standstill Agreement and it refers the Court to those agreements for their complete contents, provisions, terms, conditions, limitations, and legal effect.  Illinois National denies the other allegations in paragraph 66 of the Complaint.

67.    Illinois National makes no response to those allegations contained in paragraph 67 of the Complaint that are not directed to Illinois National to which no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint. Illinois National denies the other allegations in paragraph 67 of the Complaint and refers the court to the Standstill Agreement, Extended Standstill Agreement and Second Executed Standstill Agreement for their complete contents, provisions, terms, conditions, limitations, and legal effect.

## IX.    THE OTHER CLAIMS

68.    Illinois National denies the allegations contained in paragraph 68 of the Complaint.

69.    Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.    Illinois National denies the allegations in Paragraph 70 of the Complaint.

71.    Illinois National denies the allegations in Paragraph 71 of the Complaint.

72.    Illinois National denies the allegations in Paragraph 72 of the Complaint.

73.    Illinois National denies the allegations in Paragraph 73 of the Complaint.

74.    Illinois National denies the allegations contained in paragraph 74 of the Complaint.

75.    Illinois National denies the allegations in Paragraph 75 of the Complaint.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Against Illinois National--Underlying Claims)

76.    Illinois National repeats and realleges its responses to the allegations set forth in paragraphs 1 through 75 of this Answer as if fully set forth herein.

77.    Illinois National denies the allegations of paragraph 77 of the Complaint.

13

78.     Illinois National admits that it disputes plaintiff's claims as set forth in paragraph 78 of the Complaint.

79.     Illinois National denies the allegations contained in paragraph 79 of the Complaint.

80.     Illinois National denies the allegations contained in paragraph 80 of the Complaint.

81.     Illinois National denies the allegations in Paragraph 81 of the Complaint.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Illinois National--Other Claims)

82.     Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

83.     Illinois National denies the allegations of paragraph 83 of the Complaint.

84.     Illinois National admits that it disputes plaintiff's claim as set forth in paragraph 84 of the Complaint

85.     Illinois National denies the allegations contained in paragraph 85 of the Complaint.

86.     Illinois National denies the allegations contained in paragraph 86 of the Complaint.

87.     Illinois National denies the allegations in Paragraph 87 of the Complaint.

## THIRD CAUSE OF ACTION

### (Declaratory Relief Against ACE)

88.     Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

14

89.     Illinois National makes no response to the allegations contained in paragraph 89 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Illinois National makes no response to the allegations contained in paragraph 90 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91.     Illinois National makes no response to the allegations contained in paragraph 91 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92.     Illinois National makes no response to the allegations contained in paragraph 92 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Illinois National makes no response to the allegations contained in paragraph 93 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief Against Liberty Mutual)

94.     Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

95.     Illinois National makes no response to the allegations contained in paragraph 95 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.     Illinois National makes no response to the allegations contained in paragraph 96 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97.     Illinois National makes no response to the allegations contained in paragraph 97 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Illinois National makes no response to the allegations contained in paragraph 98 of the Complaint as they are not directed to Illinois National and therefore no response is

required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99. Illinois National makes no response to the allegations contained in paragraph 99 of the Complaint as they are not directed to Illinois National and therefore no response is required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

## **FIFTH CAUSE OF ACTION**

### **(Declaratory Relief Against RLI)**

100. Illinois National repeats and realleges the answers set forth in 5aragraphs 1 through 75 of the Answer as if fully set forth herein.

101. Illinois National makes no response to the allegations contained in paragraph 101 of the Complaint as they are not directed to Illinois National and therefore no response is required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102. Illinois National makes no response to the allegations contained in paragraph 102 of the Complaint as they are not directed to Illinois National and therefore no response is required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Illinois National makes no response to the allegations contained in paragraph 103 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Illinois National makes no response to the allegations contained in paragraph 104 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.    Illinois National makes no response to the allegations contained in paragraph 105 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Breach of Contract Against Illinois National--Policy Obligations as to Underlying Claims)

106.    Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

107.    Illinois National admits only that the Illinois National Policies provide coverage to plaintiff subject to the provisions, terms, conditions, and limitations of the underlying Real Estate Professional Services Professional Liability Insurance policies issued by Nottingham Indemnity, Inc., and the provisions, terms, conditions, limitations of the Illinois National

18

Policies and it refers the Court to those policies for their complete contents and legal effect. Illinois National denies the remainder of the allegations in Paragraph 107 of the Complaint..

108.   Illinois National admits the allegations in Paragraph 108 of the Complaint.

109.   Illinois National admits only that plaintiff has paid the premiums due and owing for each of the Illinois National Policies and it denies all of the other allegations in Paragraph 109 of the Complaint.

110.   Illinois National denies the allegations in Paragraph 110 of the Complaint.

111.   Illinois National denies the allegations in Paragraph 111 of the Complaint.

112.   Illinois National denies the allegations in Paragraph 112 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Breach of Contract Against Illinois National--Policy Obligations as to Other Claims)**

113.   Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

114.   Illinois National admits only that the Illinois National Policies provide coverage to plaintiff subject to the provisions, terms, conditions, and limitations of the underlying Real Estate Professional Services Professional Liability Insurance policies issued by Nottingham Indemnity, Inc., and the provisions, terms, conditions, limitations of the Illinois National Policies and it refers the Court to those policies for their complete contents and legal effect.  Illinois National denies the remainder of the allegations in Paragraph 114 of the Complaint..

115.   Illinois National admits the allegations in Paragraph 115 of the Complaint.

116.   Illinois National admits only that plaintiff has paid the premiums due and owing for each of the Illinois National Policies and it denies all of the other allegations in Paragraph 116 of the Complaint.

117.    Illinois National denies the allegations in Paragraph 117 of the Complaint.

118.    Illinois National denies the allegations in Paragraph 118 of the Complaint.

119.    Illinois National denies the allegations in Paragraph 119 of the Complaint.

## EIGHTH CAUSE OF ACTION

### (Breach of Contract Against Illinois National--Standstill Agreements)

120.    Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

121.    Illinois National admits that it entered into with plaintiff and ACE a Standstill Agreement and Extended Standstill Agreements and it refers the Court to the those agreement for their complete contents, provisions, terms, conditions, limitations, and legal effect.

122.    Illinois National denies the allegations in paragraph 122 of the Complaint.

123.    Illinois National denies the allegations in paragraph 123 of the Complaint and it refers the Court to the Standstill Agreement and Extended Standstill Agreements for their complete contents, provisions, terms, conditions, limitations, and legal effect.

124.    Illinois National denies the allegations in Paragraph 124 of the Complaint.

125.    Illinois National denies the allegations in Paragraph 125 of the Complaint.

## NINTH CAUSE OF ACTION

### (Breach of Contract Against ACE--Policy Obligations as to Underlying Claims)

126.    Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

127.    Illinois National makes no response to the allegations contained in paragraph 127 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128.     Illinois National makes no response to the allegations contained in paragraph 128 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129.     Illinois National makes no response to the allegations contained in paragraph 129 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130.     Illinois National makes no response to the allegations contained in paragraph 130 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131.     Illinois National makes no response to the allegations contained in paragraph 131 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.

132.    Illinois National makes no response to the allegations contained in paragraph 132 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint..

## TENTH CAUSE OF ACTION

### (Breach of Contract Against ACE--Standstill Agreements)

133.    Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

134.    Illinois National makes no response to the allegations contained in paragraph 134 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Complaint.

135.    Illinois National makes no response to the allegations contained in paragraph 135 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Complaint.

136.    Illinois National makes no response to the allegations contained in paragraph 136 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint.

137.   Illinois National makes no response to the allegations contained in paragraph 137 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint.

138.   Illinois National makes no response to the allegations contained in paragraph 138 of the Complaint as they are not directed to Illinois National and therefore no response is required.   To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint.

## ELEVENTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing Against Illinois National)

139.   Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

140.   The allegations in Paragraph 140 are legal conclusions to which no response is required.   To the extent a response is deemed necessary, Illinois National denies the allegations in paragraph 140 of the Complaint.

141.   Illinois National denies the allegations in Paragraph 141 of the Complaint.

142.   Illinois National denies the allegations in Paragraph 142 of the Complaint.

143.   Illinois National denies the allegations in Paragraph 143 of the Complaint.

144.   Illinois National denies the allegations in Paragraph 144 of the Complaint.

23

145.    Illinois National denies the allegations in Paragraph 145 of the Complaint.

146.    Illinois National denies the allegations in Paragraph 146 of the Complaint.

## TWELFTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing Against ACE)

147.    Illinois National repeats and realleges the answers set forth in paragraphs 1 through 75 of the Answer as if fully set forth herein.

148.    Illinois National makes no response to the allegations contained in paragraph 148 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint.

149.    Illinois National makes no response to the allegations contained in paragraph 149 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Complaint.

150.    Illinois National makes no response to the allegations contained in paragraph 150 of the Complaint as they are not directed to Illinois National and therefore no response is required.  To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Complaint.

151.    Illinois National makes no response to the allegations contained in paragraph 151 of the Complaint as they are not directed to Illinois National and therefore no response is

required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the Complaint.

152. Illinois National makes no response to the allegations contained in paragraph 152 of the Complaint as they are not directed to Illinois National and therefore no response is required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Complaint.

153. Illinois National makes no response to the allegations contained in paragraph 153 of the Complaint as they are not directed to Illinois National and therefore no response is required. To the extent that a response is deemed necessary, Illinois National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Complaint.

## ILLINOIS NATIONAL'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The claims asserted by Plaintiff are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to present a justiciable controversy between Plaintiff and Illinois National.

### THIRD DEFENSE

The claims asserted by Plaintiff are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or release based upon Plaintiff's prior conduct in handling the claims at issue in the coverage dispute.

### FOURTH DEFENSE

The claims are barred because the Court lacks subject matter jurisdiction.

### FIFTH DEFENSE

The claims asserted by Plaintiffs are barred, in whole or in part, by application of the pertinent statute of limitations and/or statute of repose.

### SIXTH DEFENSE

There is no coverage for the Underlying Claims and/or Other Claims to the extent they are excluded from coverage by Exclusion 1.d. and/or 1.e., set forth in Endorsement #5 of the Illinois National Policies, which provides that "This policy does not apply to any Claim alleging, arising out of, based upon, resulting from, directly or indirectly, or in any way involving any: … d. any insured advising as to, promising or guaranteeing the future value of any investment or any rate of return or interest; or e. the failure of any investment to perform as expected or desired."

### SEVENTH  DEFENSE

There is no coverage for the Underlying Claims and/or Other Claims under the Illinois National Policies to the extent that the alleged losses were known by the Plaintiff before the Illinois National Policies took effect pursuant to Exclusion #8 of the Nottingham Policies which provides that coverage does not apply "to any Claim from any Wrongful Act committed prior to the beginning of the Policy Period if on or before the inception date of this Policy any Insured

26

knew of such Claim or the occurrence of a Wrongful Act that could reasonably be expected to result in such Claim."

## EIGHTH DEFENSE

There is no coverage for the Underlying Claims and/or Other Claims under the Illinois National Policies to the extent they are excluded from coverage by Exclusion #1 of the Nottingham Policies, which provides that "This Policy does not apply: to any claim alleging intentional wrongdoing, fraud, dishonesty, or criminal or malicious acts of an Insured."

## NINTH DEFENSE

There is no coverage for certain of the Underlying Claims and/or Other Claims under the 2010-2011, 2011–2012 and 2012-2013 Illinois National Policies as the underlying suits are Related Wrongful Acts, as defined in the Illinois National Policies, to the *Gibson* Lawsuit, and thus they only trigger the 2009-2010 policy year.

## TENTH DEFENSE

There is no coverage for the Underlying Claims and/or Other Claims under the Illinois National Policies to the extent that providing coverage would be against public policy.

## ELEVENTH DEFENSE

Illinois National reserves the right to amend its Answer and to assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery concerning Plaintiff's claims.

## TWELFTH DEFENSE

The claims asserted by Plaintiffs are barred by the doctrine of contingent loss/fortuity.

## PRAYER FOR RELIEF

WHEREFORE, Illinois National respectfully requests that the Complaint be dismissed with prejudice or judgment be entered in favor of Illinois National, and that this Court award such further relief to Illinois National as the Court may deem just and proper.

# COUNTERCLAIM

## INTRODUCTION

1.      Illinois National insured plaintiff-counterclaim defendant Cushman & Wakefield Inc. ("C&W") under Excess Insurance Policy No. 01-911-84-71 for the policy period May 31, 2009 to May 31, 2010 (the "2009-2010 Policy") with a policy limit of $23 million in excess of a $2 million primary policy.  Illinois National issued essentially identical policies during the subsequent three years bearing Policy No. 01-877-33-21 (effective from May 31, 2010 to May 31, 2011), Policy No. 01-880-59-08 (effective from May 31, 2011 to June 30, 2012), and Policy No. 0230588092 (effective from June 30, 2012 to August 31, 2013 with a policy limit of $15 million excess of a $2 million underlying policy) (collectively "Illinois National Policies").

2.      The Illinois National Policies follow form to the underlying insurance policies issued by Nottingham Indemnity, Inc. for the corresponding policy period.  The Illinois National Policies also contain additional terms, provisions, and exclusions that limit the scope of the coverage afforded by the Illinois National Policies.

3.      This action arises from a dispute contrived by C&W over which policy year(s) in C&W's multi-year errors and omissions insurance program covers certain claims made against C&W during the past five years.  To protect its insured, and despite substantial coverage defenses, Illinois National has paid in excess of $ 27,000,000 under the 2009-2010 Policy over

the past five years with respect to both indemnity and defense costs under a full reservation of rights.

4.  Illinois National issued reservation or rights letters to C&W on the following dates:  February 9, 2010, August 7, 2012, April 7, 2013, July 26, 2013, October 7, 2013, October 9, 2013, January 24, 2014 and January 28, 2014.  Those letters are hereby incorporated by reference.

5.  Illinois National is entitled to a declaratory judgment that its Policies do not afford any coverage to C&W for the Underlying Claims or Other Claims (such terms are used as defined in C&W's Complaint), and that as a result Illinois National is entitled to recoup from C&W all funds paid to date for such matters.

6.  Solely in the alternative, Illinois National is entitled to a declaratory judgment that all of the Underlying Claims and certain of the Other Claims are related such that coverage is afforded only during the 2009-2010 Policy Period, and that as a result Illinois National is entitled to recoup from C&W all funds paid to date under the 2009-2010 Policy in excess of the $23 million limit under such Policy.

7.  This Court has found that it has jurisdiction over the coverage disputes between C&W and Illinois National that are at issue in these Counterclaims.

## COUNT I: DECLARATORY JUDGMENT

### (Coverage is Precluded For All Claims Arising From the "Loan to Own Scheme")

8.  Illinois National adopts the allegations of paragraphs 1-7 of the Introduction to Counterclaim as its allegations in this paragraph 8.

9.  C&W's current position is a reversal from its articulated coverage position over the past five years during which C&W accepted Illinois National's defense of the Underlying

Claims and Other Claims (these terms are as used and defined by C&W in its Complaint) that was provided under a full Reservation of Rights under the 2009-2010 Policy. Illinois National has defended multiple claims asserted against C&W in connection with the "loan to own" scheme that was allegedly perpetrated by Credit Suisse. C&W allegedly participated in the scheme by providing the inflated appraisals necessary to effectuate it. The underlying claimants allege that the appraisals were inflated in several ways, including manipulation of the data and interference by Credit Suisse.

10.     Credit Suisse and C&W allegedly inflated appraisals by creating a new type of appraisal that estimated the total net value of a resort development based on future cash flow, without a discount to present value. This so called "Total Net Value" or "TNV Appraisal" utilized a methodology that was inherently flawed and allegedly violated the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), the Uniform Standards of Professional Appraisal Practice ("USPAP") as well as industry and banking standards.

11.     Claims based on this type of appraisal, which advises as to a future rate of return and results in the failure of the investment to perform, are expressly excluded from coverage under Exclusion 5 of the Illinois National Policies and other exclusions of the Nottingham Policies and the Illinois National Policies.

12.     Illinois National properly reserved its rights with respect to the applicability of Exclusion 5 to the underlying claims.

13.     The Underlying Claims and certain Other Claims are also excluded from coverage under the Illinois National Policies to the extent that the alleged losses were known by the Plaintiff before the Illinois National Policies took effect pursuant to Exclusion #8 of the

Nottingham Policies, which provides that coverage does not apply "to any Claim from any Wrongful Act committed prior to the beginning of the Policy Period if on or before the inception date of this Policy any Insured knew of such Claim or the occurrence of a Wrongful Act that could reasonably be expected to result in such Claim."

14.     The Underlying Claims and certain Other Claims are also excluded under Exclusion #1 of the Nottingham Policies, which provides that "[t]his Policy does not apply: to any claim alleging intentional wrongdoing, fraud, dishonesty, or criminal or malicious acts of an Insured."

15.     The Underlying Claims against C&W are also excluded from coverage under the Illinois National Policies by operation of other exclusions contained in the Illinois National and Nottingham Policies as set forth in Illinois National's reservation or rights letters.

16.     On the basis of the operation of one or more of these exclusions of coverage under the Illinois National Policies, Illinois National is entitled to a declaratory judgment that there is no coverage under the Illinois National Policies with respect to Underlying Claims and Other Claims relating to the "loan to own" scheme."

## COUNT II:  DECLARATORY JUDGMENT

### (In the Alternative Coverage is Limited to the 2009-2010 Policy Year)

17.     Illinois National adopts the allegations of paragraphs 1-7 of the Introduction to Counterclaims as its allegations in this paragraph 17.

18.     While Illinois National vigorously denies that there is any coverage available for the Underlying Claims under any Illinois National Policy, in the event that this Court finds that the exclusions, terms and conditions of the Policies do not fully preclude coverage, Illinois

31

National seeks a declaration that coverage is limited to the 2009-2010 Policy limits on the basis that all of the Underlying Claims and certain Other Claims allege related Wrongful Acts.

19.     Illinois National has treated all of the underlying claims as related since the first claim was presented – the *Gibson* Lawsuit – consistent with its reservation of rights presented to C&W.  C&W itself treated these claims as related and covered by the 2009-2010 Policy for most of the nearly five years that Illinois National advanced and reimbursed fees and costs for the defense of C&W regarding the Underlying Claims and Other Claims under the 2009-2010 Policy.

20.     C&W now asserts that its own handling of these claims was somehow mistaken. It now insists that the *Highland Capital* claim and certain other subsequent claims actually fall within later-issued policy periods.  C&W has offered no credible explanation for this radical change in its own position.

21.     The 2009-2010 Policy specifically provides:

> If during the Policy Period or during the Discovery Period (if applicable), (i) written notice of a Claim has been given to the Insurer pursuant to Clause V(a) above, or (ii) to the extent permitted by the terms and conditions of the Followed Policy, written notice of circumstances that might reasonably be expected to give rise to a Claim has been given to the Insurer, then any Claim that is subsequently made against the Insureds and reported to the Insurer alleging, arising out of, based upon or attributable to the facts alleged in the Claim or circumstances of which such notice has been given, or alleging any Wrongful Act which is the same as or related to any Wrongful Act alleged in the Claim or circumstances of which such notice has been given, shall be considered made at the time such Claim or circumstances has been given to the Insurer.

22.     C&W represented in multiple court submissions in the underlying claims and in claim notices to Illinois National that the factual and legal allegations in the Underlying Claims are the same, namely: (1) C&W participated and facilitated a "loan to own" scheme concocted in

concert with Credit Suisse; and (2) the TNV Appraisals prepared as part of the overarching scheme utilized a flawed methodology and violated USPAP and FIRREA.

23.     The factual nexus with regard to all TNV Appraisal claims is the same.  Each underlying claim turns on whether C&W's conduct in facilitating Credit Suisse's scheme through its TNV Appraisals lead to the failure of the real estate developments, and therefore, the respective damages claimed by the purchasers, developers, and investors.

24.     Further, C&W has been aware for years that, consistent with its own position, all funds advanced and reimbursed by Illinois National to C&W were advanced or reimbursed under the 2009-2010 Policy.  It was not until July 2013, when C&W's potential liability increased, that C&W suddenly decided to pursue coverage across multiple policy periods.

25.     As to the *Highland Capital* claim, C&W and its brokers Marsh and Willis specifically requested that the claim be treated as related to the earlier *Gibson* claim.  On October 14, 2010, Susan Friedman of Marsh (C&W's broker at the time) wrote to Illinois National and the other insurers in its 2009-2010 coverage program stating: "The Insured, Cushman & Wakefield, has provided some supplemental information related to the L.J. Gibson and Beau Blixseth legal action naming Credit Suisse and Cushman & Wakefield, et al. as defendants."  Attached to this email correspondence was an email from Stephanie Mercer, C&W's Regional General Counsel, to Grace Cavelli, also of C&W, which stated, "This note is intended to advise you of claims which have been alleged by Highland Capital in connection with their participation in the loan syndications structured by Credit Suisse as to twelve resort properties located throughout the United States and the Bahamas."

26.     Six months after the first notice on October 14, 2010, on March 1, 2011, C&W's Regional General Counsel Ms. Mercer sent an email to Illinois National seeking to confirm that

33

its insurers agreed that the *Highland Capital* claim should be treated as related to the *Gibson* claim: "Here is the notification regarding the Highland Capital claim. It appears that it was characterized by Marsh as being part of the Gibson matter. There were no objections from any of those who were notified of this claim/characterization to our knowledge, but we are confirming that with Marsh currently. If all insurers believe that this is a separate claim independent of the Gibson matter, please advise. Thanks."

27. In an email dated April 14, 2011, Ms. Mercer further explained that the *Highland Capital* claim was categorized by C&W as a subset of the *Gibson* claim because its genesis was many of the same loans made by Credit Suisse, based upon the appraisal work performed by C&W.

28. Illinois National was never provided with any information indicating that any other insurer objected to, or disagreed with, C&W's own analysis that the *Highland Capital* claim was supplemental and related to the *Gibson* claim.

29. C&W has repeatedly sought permission, which Illinois National has provided, to engage in pre-suit settlement negotiations. As recently as June 2013, C&W sought to settle the *Highland Capital* claim with payment attributable to the 2009-2010 Policy.

30. C&W also sought and accepted reimbursement of costs incurred in connection with the *Highland Capital* matter under the 2009-2010 Policy.

31. C&W now seeks to move the *Highland Capital* claim and other claims into later policy years even though the 2009-2010 Policy Tower provides up to $50 Million in coverage.

32. The unambiguous language of the 2009-2010 Policy requires that the claims be treated as related. Therefore, all noticed claims, as well as potential future TNV Appraisal claims, are attributable to the 2009-2010 Policy year.

33.     In view of the nearly identical legal and factual basis of the Underlying Claims and certain Other Claims, Illinois National is entitled to a declaration that all of the Underlying Claims and certain Other Claims are related and therefore coverage, if any, under the Illinois National Policies is limited exclusively to the 2009-2010 Policy.

## COUNT III: COUNTERCLAIM FOR RECOUPMENT

34.     Illinois National adopts the allegations in paragraphs 1-33 of the Counterclaims as its allegations in this paragraph 34.

35.     Despite its substantial coverage defenses, Illinois National has advanced and reimbursed defense fees and costs and made indemnity payments for multiple claims asserted against C&W in connection with the "loan to own" scheme allegedly perpetrated by Credit Suisse. To date, Illinois National has paid in excess of $27,000,000 under the 2009-2010 Policy with respect to the defense of C&W and settlement of the underlying claims subject to a full reservation of rights.

36.     Illinois National expressly reserved its right to seek reimbursement and recoupment of all defense funds advanced or reimbursed to C&W as well as indemnity payments made in the event that it was later determined that the Policies do not provide coverage for the Underlying Claims or Other Claims and/or to the extent one or more of the Policies limits are exhausted.

37.     In addition, the Nottingham Policy provides that any amount paid in settlement or in satisfaction of a Claim in excess of Limits of Liability shall be reimbursed to the insurer. Clause 8 of the Nottingham Policy provides, in pertinent part:

> **8.      REIMBURSEMENT OF THE COMPANY**
>
> If the Company has paid any amount in settlement or satisfaction of Claim or judgments or Claims Expenses in excess of the Limits of Liability or within the amount of the Deductible, the Insured shall

35

be liable to the Company for such amounts and, upon demand, shall promptly pay such amount to the Company.

38.     Accordingly, in the event that coverage for the Underlying Claims and certain Other Claims is fully precluded under the Illinois National Policies by one or more Policy exclusions, terms and conditions, Illinois National is entitled to recoup from C&W all funds paid to date for defense and indemnity.

39.     Alternatively, if it is determined that there is coverage, and such coverage is provided solely by the 2009-2010 Policy, then Illinois National is in that instance entitled to recoup all funds paid to date for defense and indemnity in excess of the $23 million Policy limit of the 2009-2010 Policy.

## PRAYER FOR RELIEF ON ILLINOIS NATIONAL'S COUNTERCLAIM

WHEREFORE, Illinois National respectfully requests that judgment be entered in its favor on its Counterclaim, and that this Court award such further relief as the Court may deem just and proper.

Dated:  February 17, 2015                     Respectfully submitted**:**

                                              **ILLINOIS NATIONAL INSURANCE COMPANY**

                                              By: /s/ David T. Brown                          

                                              David Brown
                                              KAUFMAN DOLOWICH & VOLUCK LLP
                                              55 E. Monroe Avenue, Suite 2950
                                              Chicago, IL 60603
                                              (312) 646-6744
                                              dbrown@kdvlaw.com

                                                        - and -

                                              Robert Novack
                                              Douglas Eisenstein
                                              J. Emma Mintz
                                              BRESSLER, AMERY & ROSS, P.C.

36

17 State Street, 34th Floor
New York, New York 10004
(212)425-9300
RNovack@bressler.com
JMintz@bressler.com

**Attorneys for Defendant**
**Illinois National Insurance Company**

## CERTIFICATE OF SERVICE

     The undersigned, an attorney, hereby certifies that on **February 17, 2015**, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on all counsel of record by CM/ECF Electronic Notification.

By: /s/ David T. Brown

4826-0435-6642, v. 1

37