UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUSHMAN & WAKEFIELD, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:14-cv-08725 |
| ILLINOIS NATIONAL INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and RLI INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

# DEFENDANT ILLINOIS NATIONAL INSURANCE COMPANY'S MOTION FOR ENTRY OF FINAL JUDGMENT AND AWARD OF PREJUDGMENT INTEREST AND BRIEF IN SUPPORT

On the Brief:

Robert Novack*
rnovack@bressler.com
 J. Emma Mintz*
jmintz@bressler.com
BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, NY 10004
T:  (212) 425-9300
F:  (212) 425-9337
*Admitted *Pro Hac Vice*
*Attorneys for Illinois National
Insurance Company*

## I. FINAL JUDGMENT SHOULD BE ENTERED

Illinois National Insurance Company ("Illinois National") hereby moves for Entry of Final Judgment and an award of prejudgment interest pursuant to this Court's April 20, 2018 Opinion & Order granting partial summary judgment in favor of Illinois National. In its April 20, 2018 Opinion and Order, the Court held that "Illinois National is entitled to reimbursement of amounts paid in excess of Illinois National's limit of $23 million for the 2009 – 2010 policy year; and ACE, Liberty and RLI must pay, to the extent the ACE, Liberty, and RLI 2009–2010 Policies are triggered, all amounts incurred in connection with each Underlying Claim that are in excess of the 2009–2010 Illinois National Policy (as to ACE) and the 2009–2010 ACE Policy (as to Liberty and RLI), up to their respective Policies' limits." April 20, 2018 Opinion & Order, Dkt. No. 354, at 42.

The parties agree that Illinois National has paid $32,374,402.47 in indemnity and defense costs to or on behalf of Cushman with respect to certain claims. *See* McKool Smith email dated August 21, 2018 attached as Ex. A to the October 23, 2018 Declaration of Robert Novack ("Novack Decl."). These claims include the four Underlying Actions, (i) *Gibson*, *et al. v. Credit Suisse AG*, *et. al.*, Case No. 1:10-cv-00001-EJL (the "*Gibson* Lawsuit"); (ii) the Highland Capital matter; (iii) *Blixseth v. Cushman & Wakefield of Colorado, Inc., et al.*, Case No. 1:12-cv-00393-PAB (the "*Blixseth* Lawsuit"); and (iv) *Rhodes, et al. v. Credit Suisse AG, et al.*, Case No. 2:12-cv-01272-MMD (the "*Rhodes* Lawsuit") (collectively the "Underlying Actions"), as well as several unrelated claims that were paid by Illinois National under its 2009-10 Policy. These payments are delineated in the schedule attached to the Declaration of Brian Sweeney and the parties agree such payments erode the 2009-2010 Illinois National Policy. *See* Declaration of Brian Sweeney ("Sweeney Decl.").

Therefore, under this Court's April 20, 2018 Opinion and Order, Illinois National is entitled to reimbursement of $9,374,402.47. ACE has paid $8,070,119.63 to date. *See* Declaration of Susan K. Slim, attached as Ex. B to the Novack Decl. Accordingly, ACE should be ordered to reimburse Illinois National the sum of $1,929,880.37 thereby exhausting its $10 million policy limit. RLI and Liberty should each be ordered to reimburse Illinois National the sum of $3,722,261.05 for a total of $7,444,522.10.

## II. ILLINOIS NATIONAL IS ENTITLED TO RECOVER PREJUDGMENT INTEREST FROM CUSHMAN

In its April 20, 2018 Opinion & Order, the court found that New York law applied to this case. *See* April 20, 2018 Opinion & Order at 19-21. Under New York CPLR § 5001(a), prejudgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." CPLR § 5001(a). The statutory rate of interest is 9% per year. *See* CPLR § 5004. The principle behind prejudgment interest is that the breaching party should compensate the wronged party for the loss of use of the money. *NML Capital v Republic of Argentina*, 17 NY3d 250, 266 (2011). Interest is not a penalty. Rather, it is simply the cost of having the use of another person's money for a specified period. *Love v State of New York*, 78 NY2d 540 (1991).

CPLR § 5001(a) has been interpreted by the courts to include breaches of third-party insurance policies. "[T]he awarding of interest on breach of contract claims, including breach of third-party insurance policies, is non-discretionary. *See* N.Y. C.P.L.R. § 5001 (McKinney 2007); *Langenberg v. Sofair*, No. 03 Civ. 8339(KMK) (FM), 2006 U.S. Dist. LEXIS 88157 (S.D.N.Y. Dec. 7, 2006)." *Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.*, 485 F. Supp. 2d 480, 490.

In *Seward Park Hous. Corp. v. Greater NY Mut. Ins. Co.*, 63 AD3d 525 (1st Dept 2009), the defendant-insurer moved for restitution, and plaintiff-insured was ordered to return $1.6 million of the $18.4 million defendant-insurer had paid to plaintiff in satisfaction of a judgment that was partially vacated. The Appellate Division modified the order of the Supreme Court and directed Plaintiffs to pay prejudgment interest on the $1.6 million. *See also C.S. Behler, Inc. v Daly & Zilch, Inc.*, 277 AD2d 1002 (4th Dept 2000) (although in a completely different context, the plaintiffs sought, by way of a recoupment action, $28K on a bond that discharged its mechanics' lien and they were awarded prejudgment interest on that amount.).

In the insurance context, prejudgment interest accrues from the date the insurer actually makes payment. *See St. Paul Fire & Marine Ins. Co. v. Fox Insulation Co.*, Docket No. 96-CV-0502E(F), 1999 U.S. Dist. LEXIS 15471 (W.D.N.Y. Sep. 29, 1999). "An award of statutory prejudgment interest is available as a matter of right on a judgment in a subrogation action brought by an insurance company to recover for negligent injury to its insured's property. Prejudgment interest accrues from the date the insurance company makes payment." *Id.* at *3. *See also Am. Home Assurance Co. v. Morris Indus. Builders, Inc.*, 192 AD2d 477 (App. Div. 1993) (Where plaintiff issued checks to its insured for $1,745,000, but because the jury awarded plaintiff only $1,200,000, the court determined that interest should run from the various dates of the checks but only for the respective amounts totaling the jury's award. *Id.* at 478-79. *See also United States v. Qurashi*, No. CR 05-498 (SJF) (AKT), 2009 U.S. Dist. LEXIS 132679 (E.D.N.Y. Aug. 26, 2009) "Here, the Government and the carriers agree, and the Court concurs, that prejudgment interest should be calculated for the period beginning on the dates on which MetLife and New York Life paid defendant on the Adnan Policies. *See Kirton v Northwestern Mut. Life Ins. Co.,* 2006 US Dist LEXIS 78915 (EDNY Oct. 24, 2006) (awarding prejudgment

interest on insurance proceeds, which had been paid by insurance companies pursuant to defendant's fraudulent scheme, from date of payment of the proceeds)." *Id.* at 131. *See also St. Paul Fire & Marine Ins. v. Schneider Nat'l Carriers, Inc.*, 2006 U.S. Dist. LEXIS 28284, at *6-7 (S.D.N.Y. May 10, 2006) (Plaintiff insurer received prejudgment interest for the period between their payments to AIT and the Court's Order.).

Illinois National has calculated interest from the time that it made each payment upon exceeding its $23 million limit. *See* Declaration of Jo-Ann Spinelli. Based on the these calculations, Illinois National is entitled to $2,838,842.89 in interest under New York's 9 percent rule calculated through October 23, 2018. *Id*. Illinois National is also entitled to 9 percent prejudgment interest from October 23, 2018 through the date of entry of final judgment.

### III. CUSHMAN'S REMAINING COUNTS THAT RELATE TO "OTHER CLAIMS" SHOULD BE DISMISSED

The only remaining claims in this action include Count II, Count VII, Count X and Count XI – but only to the extent they relate to the so-called "Other Claims." April 20, 2018 Opinion & Order, Dkt. No. 354, at 43. The Other Claims do not involve the TNV Appraisals and are not impacted by the Court's April 20, 2018 Opinion and Order. The Other Claims should be dismissed because they have been settled or dismissed and do not present any coverage issues, or as to one claim, the coverage issues are not ripe.

The Other Claims that have been settled or dismissed include : *Fiddler's Creek, Sofka, the Angino & Rovner, Barrons Family Trust, Behringer Harvard, Citadel, Kornievsky, McCready, Orient Overseas, Studio Mix, Sunflower Square, and Universal Green Solutions*. See Declaration of Robert Novack ("Novack Delc."), ¶11. Only one claim, *Berish Berger et al. v. Cushman & Wakefield of Pennsylvania et al.*, S.D.N.Y. No. 12-cv-09224-JPO-HBP (the "Berger Claim") remains pending. *Id*. at ¶12. Illinois National has been defending the Berger Claim and

has paid millions in defense costs. *Id*. at ¶13. The matter is currently scheduled for a settlement conference in Pennsylvania Federal Court on November 13, 2018.

Cushman acknowledges that there is no case or controversy here with regard to any of the Other Claims. The Other Claims were not litigated in this action since. *Id*. at ¶14. The parties agreed in August 2015 that all discovery be stayed with respect to the Other Claims. *Id*. No discovery whatsoever has taken place with respect to the Other Claims. *Id*. Because all but one of the Other Claims is resolved and the Berger Claim coverage issues have not been litigated in this action, Cushman represented at the June 19, 2018 Status Conference that the parties had an agreement in principle to enter into a stipulation of dismissal <u>without</u> prejudice because the Other Claims were not litigated here nor ripe for adjudication. *Id*. at ¶8. Cushman's counsel, Ms. Romagnoli, stated:

> MS. ROMAGNOLI: No, I think -- I think the rest of the case can be settled. There are two issues that the parties are working through right now. There -- in our complaint, in Cushman's complaint, there was reference to some coverage issues that we -- with respect to, quote, other claims that didn't have to do with appraisals. The majority of those other claims are no longer an issue. We have one active other claim that Illinois National has denied coverage for. But it happened after discovery and after the summary judgment briefing. So it is really not ripe right now for any sort of judicial determination. And I certainly don't want to misrepresent the status of the parties's negotiations. And Mr. Novak can correct me if I am wrong, but we -- we have, I think, an agreement in principle that we are going to enter into a stipulation of dismissal without prejudice, so it will remove that issue entirely from the case before your Honor, and we will just deal with that separately.

Transcript of the June, 19, 2018 Court Conference at 5:3-20, attached as Ex C to the Novack Decl.

Accordingly, the Berger Claim coverage action is not ripe and should be dismissed without prejudice along with the Other Claims that have been settled or dismissed. Federal courts have authority under the Constitution to answer such questions only if necessary to do so

in the course of deciding an actual "case" or "controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013). An "actual controversy," is defined as a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford Conn. v. Haworth*, 300 U.S. 227, 241 (1937). There is no current case of controversy with respect to the Other Claims and therefore they should be dismissed without prejudice.

## CONCLUSION

We respectfully submit that the Court should enter a Final Judgment in favor of Defendant Illinois National on its Counterclaim as follows:

1) Illinois National is entitled to reimbursement of $9,374,402.47 representing payments made in excess of Illinois National's limit of $23 million for the 2009–2010 policy year. ACE should be ordered to reimburse Illinois National the sum of $1,929,880.37 thereby exhausting its $10 million policy limit. RLI and Liberty should each be ordered to reimburse Illinois National the sum of $3,722,261.05 for a total of $7,444,522.10.

2) Cushman should pay Illinois National prejudgment interest at the rate of 9 percent per year on $9,374,402.47 pursuant to New York CPLR § 5001(a) in the amount of $2,838,842.89 representing interest calculated through October 23, 2018. Cushman should also pay an additional 9 percent interest for the period October 23, 2018 through the entry of Final Judgment.

3) The Court should dismiss Count II, Count VII, Count X and Count XI with respect to the "Other Claims" without prejudice.

Dated: October 23, 2018

Respectfully submitted,

By: */s/David T. Brown*

David T. Brown
KAUFMAN DOLOWICH
& VOLUCK, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603
T: (312) 646-6744
F: (312) 896-9403
Email: dbrown@kdvlaw.com

       and  
Robert Novack*  
J. Emma Mintz*  
BRESSLER, AMERY & ROSS, P.C.  
17 State Street  
New York, NY 10004  
T: (212) 425-9300  
 *Admitted *Pro Hac Vice*